**IN THE COURT OF APPEALS OF IOWA**

No. 22-0935
Filed July 13, 2023

**RANDY SCOTT MEYERS**
Applicant-Appellant,

**vs.**

**STATE OF IOWA**
Respondent-Appellee.

---

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Randy Meyers appeals the denial of his application for postconviction relief. **AFFIRMED.**

Katherine N. Flickinger of Hastings & Gartin Law Partners, LLP, Ames, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Randy Meyers appeals the denial of his application for postconviction relief (PCR). He alleges his trial and appellate counsel provided ineffective assistance by failing to ensure the State complied with the statute of limitations for two of the four offenses with which he was charged. We find Meyers cannot prove his counsel breached an essential duty by opting not to object to the amended trial information. Therefore, we affirm the district court's denial of his application.

## *I. Background Facts and Proceedings.*

On March 7, 2007, the State charged Meyers with two counts of sexual abuse in the third degree. An amended trial information was formally approved on February 8, 2008, which included those two charges and two additional counts: lascivious acts with a minor and distribution of a schedule II controlled substance to a person under eighteen years of age. All of the acts were alleged to have occurred between September 1, 2004, and January 21, 2005. At the time the offenses were committed, the statute of limitations for the two additional charges was three years. *See* Iowa Code § 802.3 (2005) (providing a three-year limitations period for felonies not otherwise specified and for aggravated and serious misdemeanors).

Following a bench trial, the court found Meyers guilty of all four counts charged. Meyers was sentenced to serve a total of seventy-seven years in prison with each count running consecutively. Our supreme court upheld his convictions for sexual abuse and lascivious acts with a minor.[1] *See State v. Meyers*, 799

[1] Meyers did not appeal from his conviction for distribution of a controlled substance to a minor.

N.W.2d 132, 135 (Iowa 2011). Meyers filed a pro se PCR application in June 2011. The application was amended in December 2020. The district court denied the PCR application in its entirety in May 2022. Meyers filed a timely appeal, which we review de novo. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

***II. Discussion.***

"To prevail on an ineffective assistance of counsel claim, the claimant must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (describing the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of the evidence. *Id.* Our test is measured objectively against the prevailing professional norms. *Id.* To establish the prejudice required of the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different." *Id.* (citation omitted). This second prong requires a showing that "the probability of a different result is 'sufficient to undermine [our] confidence in the outcome' of the trial." *Id.* (citation omitted) (alteration in original). "A defendant's inability to prove either element is fatal." *Id.* (citation omitted).

Meyers alleges his trial counsel breached an essential duty by failing to object to the addition of two offenses after the expiration of the statute of limitations. Being a three-year window, the statute of limitations for both of the added charges expired on January 21, 2008—eighteen days before the amended trial information

was formally approved. *See* Iowa Code § 802.3. Nonetheless, the State argues Meyers's claim must fail because Meyers was well-aware of the two additional charges throughout the pre-trial process. In fact, the State initially filed an application to amend the trial information for the purpose of adding the additional charges against Meyers on November 16, 2007—well within the limitations period. However, the parties were involved in plea negotiations that would not require the amendment of the trial information. After plea negotiations proved unsuccessful, the court held a hearing on the State's motion and ultimately formally approved the amended trial information on February 8.

We find the State's focus on the November 16 filing appropriate here. It was at this time that Meyers and his counsel made a strategic decision not to object to the State adding charges. Meyers could have objected to the suitability of amendment,[2] but doing so was not an essential duty of counsel. After all, criminal defendants frequently agree to permit the State to add new charges by amending a trial information, rather than insist on the filing of a separate information, for a variety of reasons. These reasons range from continuing present bond conditions to preferring matters be tried in a single case rather than costly successive prosecutions. Meyers had ten days in which to respond to the State's amended pleading in November. *See* Iowa R. Civ. P. 1.441(4) (setting forth deadline to respond to an amended pleading); Iowa R. Crim. P. 2.34(2) (establishing that

---

[2] The State concedes that the two additional charges were not "wholly new and different" and thus not properly subject to amendment. *See State v. Vandermark*, 965 N.W.2d 888, 891–92 (Iowa 2021) (applying the well-established principle that "an amendment charge[s] a wholly new and different offense where the amended charge both increase[s] the potential punishment and charge[s] an offense with different or additional elements").

"[s]ervice and filing of written motions, notices, orders and other similar papers shall be in the manner provided in civil actions"). If Meyers had timely objected to the application for amendment in November, the State in all likelihood would have remedied the situation by filing a separate trial information charging the third and fourth offenses—with plenty of time left before expiration of the statute of limitations.

As Meyers's trial counsel explained in the postconviction matter, the additional charges were "all part and parcel in [his] view of the State's theory of the case." Consequently, the State likely could have filed a successful motion for joinder of the second trial information with the first, resulting in exactly the same trial unfolding with exactly the same outcome. *See* Iowa R. Crim. P. 2.6(1). Because Meyers's counsel did not fail to perform an essential duty, Meyers cannot prove ineffective assistance of counsel. We affirm the district court's denial of Meyers's PCR application.

**AFFIRMED.**